INHABITANTS OF TEWKSBURY *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Middlesex.   Jan. 14. — May 14, 1875.   AMES & ENDICOTT, JJ., absent.

County commissioners, in answer to a petition for a writ of certiorari, should make a return certifying the facts proved before them and their rulings, so far as is necessary to present the questions of law sought to be revised, and if, instead of such a return, they file an answer raising issues of fact, the court cannot render judgment upon such disputed facts.

The return of county commissioners, certifying the facts proved before them, and their rulings, in answer to a petition for a writ of certiorari, is conclusive as to all facts within their jurisdiction passed upon by them, and evidence is not admissible to control their findings thereon.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners in discontinuing a certain way in Tewksbury called Gray Street.   The petition alleged that the said way was a town way and not a highway; that there had been no application to or refusal by the town to discontinue the same; that the commissioners had no jurisdiction to discontinue the way, and that for these reasons and others assigned in the petition as apparent upon the records, copies of which were annexed, the proceedings of the commissioners should be quashed; and prayed for an injunction restraining the commissioners from further discontinuing, closing up or injuring the said way.

The nature of the answer appears in the opinion.

Hearing before *Ames*, J., who reserved the case for the consideration of the full court upon the question whether certain evidence was admissible, and whether the writ ought to issue.

*D. S. Richardson*, (*G. F. Richardson* with him,) for the respondents, was first called upon.

*A. P. Bonney*, for the petitioner.

MORTON, J. This case is not properly before us. In *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, the cases upon the subject are reviewed, and the proper proceedings under a petition for a writ of certiorari considered. In that case it is said, " a writ of certiorari (when not used as ancillary to any other process) is in the nature of a writ of error, addressed to an inferior court or tribunal whose procedure is not according to the course of common law. After the writ has been issued and the record certified in obedience to it, the court is bound to determine, upon an inspection of the whole record, whether the proceedings are legal or erroneous ; but the granting of the writ in the first instance is not a matter of right, and rests in the discretion of the court, and the writ will not be granted unless the petitioner satisfies the court that substantial justice requires it. A writ of certiorari lies only to correct errors in law, and not to revise a decision of a question of fact upon the evidence introduced at the hearing in the inferior court, or to examine the sufficiency of the evidence to support the finding, unless objection was taken to the evidence for incompetency so as to raise a legal question."

" The uniform practice of this court for many years has been to hear the whole case upon the petition, in order to avoid unnecessary delay and expense to the parties, and to enable the court to deal with the substantial justice of the case, untrammelled by merely formal and technical defects in the record."

To enable the court to deal with the whole case upon the petition, it is necessary, and such is the established practice, for the commissioners or other inferior tribunal, in answer to the petition, to return a copy of their record, except when it is annexed to the petition, and if the record does not state in detail all the facts proved and rulings made, necessary for the determination of the case, to make a return or certificate, stating fully such facts and rulings so far as necessary to raise the questions of law which the

petitioners desire to have revised by this court, and such return is conclusive as to all matters of fact within the jurisdiction of the inferior court, and cannot be impeached or controlled by the petitioners.   As stated in *Mendon* v. *County Commissioners*, 5 Allen, 13, the rights of all persons have a sufficient protection, in being intrusted to public officers, clothed with important public duties, who are under oath for their faithful performance, and who cannot be supposed to have any interest or bias to misrepresent or suppress the actual facts as they took place before them.

In the case at bar, the commissioners have filed an answer to which they have annexed a copy of their record.   The record does not set forth all the facts and rulings necessary to the determination of the case.   For instance, it does not state the ground upon which the commissioners entertained jurisdiction of the case, that is, whether Gray Street was a highway, or a town way which the town had unreasonably refused to discontinue.

It shows that two commissioners acted without calling in a special commissioner, but it does not set forth whether this was done by consent of any or all of the parties interested.   It is true that the answer filed by counsel contains allegations upon these and all the other points in the case, but this answer is irregular and not according to the established and proper practice in cases of this character.   It is in the nature of an answer in a suit between adverse parties, presenting issues of fact, and not a return of the commissioners certifying the proceedings before them.   It is not in form such a return, and we cannot regard it as so intended without injustice to the petitioners.   The answer alleges one of the most important points of the case, that the two commissioners acted " by the consent of the opposing parties."   As admitted by the respondents, the facts as they actually occurred at the hearing before the commissioners show the manner in which such consent was given, and raise a question of law as to the validity or sufficiency of the consent, upon which the petitioners are entitled to be heard.

The proper course of proceeding is for the commissioners to make a return under their official oaths stating the proceedings and facts as they occurred before them, in detail, so far as is necessary to present the questions of law which it is desired to raise. Such return will be conclusive as to all matters of fact, within

their jurisdiction, passed upon by them. They may in addition to their return allege and prove extrinsic facts to show that substantial justice does not require the proceedings to be quashed, and upon such issues, if presented, the petitioners may introduce rebutting evidence; but the party petitioning cannot introduce evidence to contradict or vary the record or return in matters of fact. *Farmington River Water Power Co.* v. *County Commissioners, supra.* Until such return is made no questions of law are properly before us, as we cannot know upon what facts our judgment is to be founded.

For this reason the report in this case must be discharged and the case stand for a hearing before a single justice.

*Case to stand for hearing.*