FRANKLIN HAVEN *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex.    November 5, 1891. — January 22, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Certiorari — Answer of County Commissioners — Evidence of Value — Cross-examination.*

The answer of county commissioners to a petition for a writ of certiorari should at least set forth a copy of their record, to which they may, if they see fit, add a return or certificate of their rulings and of the facts proved so far as essential, which, as well as the record, will be conclusive as to matters of fact within their jurisdiction passed upon by them; they may besides allege and prove extrinsic facts to show that substantial justice does not require the quashing of their proceedings, and such allegations may be traversed.

After a case has been tried to the end by county commissioners upon incompetent evidence, and a decision rendered, and a petition presented for a writ of certiorari to quash the proceedings by reason of the admission of such evidence, no conclusive effect should be given to a statement, then for the first time made in answer to such petition, that after all the evidence was disregarded by the county commissioners.

A statement in an answer made by county commissioners to a petition for a writ of certiorari to quash their proceedings in refusing to abate a tax, that all their doings and rulings were correct and legal, and that they did not err in law, either in admitting or excluding testimony or in refusing to make any abatement as alleged by the petitioner, and the further statement that certain evidence, admitted against the petitioner's objection, was disregarded in their final consultations and in their determination, and did not affect the result at which they arrived, is not conclusive upon the petitioner.

Where the value of a particular parcel of real estate is to be determined, recent sales of other similar lands in the vicinity may be shown, but only when they are similar; the mere opinions of other persons, even though assessors of taxes, as to the value of other land in the vicinity, are not admissible.

On a petition to county commissioners for the abatement of a tax on real estate, the admission of incompetent evidence, against the petitioner's objection, of sales of land at a distance not resembling the petitioner's land, and of a list of appraisements of the real estate of several deceased persons made by appraisers appointed by the Probate Court, was *held* to be too extensive and important to be justified under the guise of cross-examination, or of giving reasons for the witnesses' opinion of value, and, together with other incompetent evidence received by the commissioners, also against the petitioner's objection, to be so great in amount and importance as to lead to the conclusion that injustice was done the petitioner; and that the proceedings should be quashed, and a writ of certiorari issue.

PETITION for a writ of certiorari to quash proceedings of the County Commissioners of Essex in refusing to abate a tax assessed upon the petitioner in the town of Beverly. The case was reserved by *Morton,* J. for the consideration of the full court, and appears in the opinion.

*R. M. Morse & A. P. Loring,* for the petitioner.

*H. P. Moulton,* (*F. L. Evans* with him,) for the respondents.

ALLEN, J. On a petition for a writ of certiorari, the whole case is heard upon the petition. The reason of this is to enable the court to determine whether substantial justice requires the proceedings of the inferior tribunal to be quashed. If the case were heard merely upon the record, the discovery of errors would lead to quashing the proceedings. But as the writ of certiorari is only to be granted in the discretion of the court, when it is found that substantial justice has not been done by reason of some error in law, and as it will not be granted merely to enable the applicant to take advantage of formal or technical errors, or of immaterial mistakes, the case is heard upon the petition, and it is the established " practice, for the commissioners or other inferior tribunal, in answer to the petition," to return a copy of their record, except when " it is annexed to the petition, and if the record does not state in detail all the facts proved and rulings made, necessary for the determination of the case, to make a return or certificate, stating fully such facts and rulings so far as necessary to raise the questions of law which the petitioners desire to have revised by this court, and such return is conclusive as to all matters of fact within the jurisdiction of the inferior court." *Tewksbury* v. *County Commissioners,* 117 Mass. 563. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 214. *Lowell* v. *County Commissioners,* 146 Mass. 403, 412.

There was no record annexed to the petition in the present case, except merely a copy of the petition to the county commissioners, and of their final decree. The statutes provide for a record of their doings, and we must assume that such a record exists. Pub. Sts. c. 159, § 16. But it is not before us. The county commissioners filed what they called an answer to the petition, in which no allusion is made to any record of their proceedings, except that "they say that the petitioner did appeal by petition to them, that hearings were had upon said appeal, and a decree entered dismissing said last named petition, all as alleged by the petitioner."

For want of a copy of their record, the petitioner's demurrer to the answer of the county commissioners might well have been sustained.

The first and material thing for the county commissioners to do, in answer to the petition, was to set forth a copy of their record. Having done this, they might further, if they saw fit to do so, make a return or certificate of their rulings, and of the facts proved, so far as essential; and this return or certificate, as well as the record itself, would be conclusive as to all matters of fact within their jurisdiction passed upon by them. *Mendon* v. *County Commissioners*, 2 Allen, 463, and 5 Allen, 13. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 216. *Tewksbury* v. *County Commissioners*, 117 Mass. 563. They might, also, in addition to such certificate or return, allege and prove extrinsic facts, to show that substantial justice does not require their proceedings to be quashed; and such allegations might be traversed. 112 Mass. 214. 117 Mass. 565, 566.

The form of pleading which the county commissioners adopted in this case was to file an answer setting forth generally such matters and considerations as they deemed available in defence against the petition. Much of this answer, and perhaps most of it, consists of matters which, if they had returned a copy of their record, it would have been proper to set forth in a certificate or return of their doings, if the record itself did not contain them. Some of it, however, is clearly outside of what is proper in such certificate; for instance, the statement that all their doings and rulings were correct and legal, and that they

did not err in law either in admitting or excluding testimony, or in refusing to make any abatement, as alleged by the petitioner. This is the very matter to be determined, and their assertion cannot be held conclusive.

The answer proceeds to set forth that certain of the evidence was received only for special purposes, and they add, in one instance, " that, in determining the question presented to them, the commissioners attached no weight to said evidence or any part thereof"; and again, " that, in determining the question presented to them, they found that said evidence afforded them no assistance in arriving at a conclusion, and the same was accordingly disregarded by them and did not affect the result arrived at "; and again, in respect to certain evidence, that it did not affect " the result at which they arrived, and that they arrived at the same conclusion as if the evidence mentioned . . . had not been given "; and again, in respect to certain other evidence, a precisely similar averment.

If the county commissioners received certain evidence only for special and limited purposes, and so stated at the trial, their certificate to that effect, if made in proper form, should be conclusive in these proceedings; and if untrue in fact, the petitioner, if aggrieved, would have to resort to some other remedy. But the further statement, that evidence which has been admitted at a trial against objection, has in the final consultations and determination of the county commissioners been disregarded, and that it did not affect the result at which they arrived, is one which ought not to be deemed conclusive upon the petitioner. There is no averment that any notice was given to him at any stage of the proceedings, or even in the final decision, that on further consideration the county commissioners deemed the evidence incompetent. After a case has been tried to the end upon incompetent evidence, and a decision rendered, and a petition presented for a writ of certiorari to quash the proceedings by reason of the admission of such evidence, no conclusive effect should be given to a statement, then for the first time made in answer to such petition, that after all the evidence was disregarded by the county commissioners.

We have gone thus into detail in respect to the proper mode of answering to such a petition, and to the effect of statements

made in the answer in the present case, because some misapprehension seems to have existed upon these subjects.   But the petitioner's demurrer to the answer of the county commissioners was overruled *pro forma*, and a report was made of all the evidence taken before the county commissioners which is material to the determination of the questions involved, and, at the request of the parties, the case was reserved by the justice before whom it came up for the determination of the full court, and it has been argued upon the merits, and we have considered it.

Looking at the report of the testimony which is annexed to the petition, and which in their answer the county commissioners virtually accept as correct, it appears that a wide range of evidence was received respecting other lands remote from the estate of the petitioner, and not resembling it in situation.   For example, a list of sixty sales of real estate in the old part of Beverly was admitted, with the price paid and the assessed valuation in each instance, there being no pretence of similarity of situation.   Sales of other parcels of land which did not resemble the land of the petitioner were also freely shown.   A witness was allowed to testify that property in other places on the seashore in Manchester, Gloucester, and Marblehead Neck was increasing in value; and on cross-examination, the range of permitted inquiry included places as remote as Plymouth, Bourne, Wareham, and Casco Bay.   One witness was even allowed to furnish a list of appraisements of the real estate of several deceased persons made by appraisers appointed by the Probate Court.

All this evidence was incompetent.   The rule of law applicable under ordinary circumstances is, that, where the value of a particular parcel of real estate is to be determined, recent sales of other similar lands in the vicinity may be shown, but only when they are similar.   *Thompson* v. *Boston*, 148 Mass. 387. *Roberts* v. *Boston*, 149 Mass. 346, 354.   *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115.   The mere opinions of other persons, even though assessors of taxes, as to the value of other land in the vicinity are not admissible.  6 Allen, 115.  148 Mass. 388.   *Phillips* v. *Marblehead*, 148 Mass. 326, 329.   *Lowell* v. *County Commissioners*, 152 Mass. 372, 375.   The admission of the evidence as to the values of lands in the several places

farthest off was sought to be justified on the ground that it was elicited in cross-examination of witnesses who had testified in chief to their opinion of the value of the estate of the petitioner; and the admissibility of the evidence of appraisements of the real estate of the persons deceased is urged on the ground that these appraisements showed the reasons for the judgment which the witness who produced them at the trial had expressed upon the value of the estate. But upon a perusal of the evidence, with the objections seasonably and repeatedly made, it seems to us that the incompetent evidence which was received was too extensive and important to be justified under the guise of cross-examination, or of giving reasons for the witnesses' opinion of value, and that it cannot now be disregarded as immaterial. *Chandler* v. *Jamaica Pond Aqueduct*, 122 Mass. 305. *Hunt* v. *Boston*, 152 Mass. 168.

Without referring in detail to other matters of objection which have been urged in behalf of the petitioner, the errors above mentioned are sufficient in number and importance to lead to the conclusion that substantial justice was not done to the petitioner at the trial, and that therefore the proceedings should be quashed, and the case heard anew.

*Writ of certiorari to issue.*