MARTHA L. JANVRIN *vs.* DANIEL D. POOLE & others.

Suffolk.    March 19, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Way.  Certiorari.  Assessments,* For benefits.  *Revere.  Words,* "Highway."

In St. 1896, c. 417, authorizing the town of Revere to elect a board of survey to have charge of the location of highways, the word "highway" includes a town way.

On a petition for a writ of certiorari against the selectmen of a town to quash the assessment of a betterment for the laying out of a way, an answer of the selectmen, stating facts which do not appear by the vote of assessment and which if true show a full compliance with the requirements of Pub. Sts. c. 51, § 1, is conclusive, and cannot be contradicted by evidence.

If on a petition for a writ of certiorari against the selectmen of a town, to quash a betterment assessment for laying out a highway, the answer of the selectmen alleges that the work of laying out and grading the way had been completed at the time of the assessment, evidence cannot be received to contradict this statement.

Under the provisions of St. 1896, c. 417, authorizing the town of Revere to elect a board of survey, a town way is not laid out until the town has voted that the way as laid out by the board of survey be accepted as a public town way, and the two years within which a betterment must be assessed under Pub. Sts. c. 51, § 1, run from the date of the vote of acceptance and not from the date of the previous order of the board of survey.

On a petition for a writ of certiorari against the selectmen of a town to quash a betterment assessment for the laying out of a highway, the petitioner cannot introduce evidence of an oral agreement of the selectmen, in awarding damages for land of the petitioner taken for the way, that betterments were not to be assessed on his remaining land, as such agreements are required to be in writing by St. 1884, c. 226.  R. L. c. 50, § 11.

On a petition for a writ of certiorari against the selectmen of a town to quash a betterment assessment for the laying out of a highway, evidence of want of good faith on the part of the selectmen is not admissible.

MORTON, J.  This is a petition for a writ of certiorari to quash a betterment assessed by the selectmen of the town of Revere on land of the petitioner for the laying out and construction of Waverly Avenue so called in that town.  The case comes here on a report by the justice who heard it.  The report concludes as follows: " If on the foregoing facts, findings, and evidence a writ of certiorari should be issued, an order is to be made accordingly ; otherwise, the petition is to be dismissed, or such other order is to be made as law and justice require."  The

pleadings are made a part of the report. The petition is directed against the former board of survey, the selectmen, and the inhabitants of the town. There is an answer or return by the selectmen, the inhabitants of the town, and a majority of the former board of survey. The former board of survey was abolished subsequent to the laying out of the avenue, and it is contended, amongst other things, by the respondents that a petition for certiorari cannot be maintained against the members of that board, or against the inhabitants of the town. The petitioner contends that the board of survey had jurisdiction only in regard to highways, and that, as this is a town way, the laying out was invalid and the assessment therefore void. If we assume that there is no force in the objection that a petition for certiorari will not lie against the former board of survey, or the inhabitants of the town, which we are far from intimating, (*Robbins* v. *Lexington*, 8 Cush. 292,) and that the question of the validity of the lay-out is properly raised by the petition, we think that, nevertheless, the petitioner can take nothing by her contention. It seems to us that the word "highway" as used in the act establishing the board of survey (St. 1896, c. 417) was used as including all ways which the public interest might require to be laid out, located anew, altered or widened in the town by the town authorities. Any other construction would have greatly impaired the efficiency of the act, and we can see no good reason for giving the word the limited meaning for which the petitioner contends.

The petitioner contends further that the selectmen did not comply with the provisions of Pub. Sts. c. 51, § 1, and did not determine the value of the benefit and advantage to her remaining land, nor the expense of laying out or grading the way, but voted to assess the betterment without regard to the cost of laying out and without regard to the benefit and advantage to her remaining land; that the assessment was not made within two years from the passage of the order laying out the way; and that the way was not completed before the assessment was laid. She also contends that it was competent for her to show that it was agreed between her and the selectmen that no betterments should be assessed upon her remaining land, and that evidence which she offered for that purpose and for the purpose of show-

ing that the selectmen had not acted in good faith in making the assessment, but had voted the same because it was necessary that it should be done within two years after the laying out of the way, and to offset her claim for damages, and which was rejected by the presiding justice, should have been admitted.

The whole record of the selectmen in regard to the assessment of the betterment is, so far as appears, as follows: "Dec. 17, 1900. Voted that in our opinion the estates of Mrs. Martha L. Janvrin be assessed betterment on the Waverly Avenue Extension to the amount of two thousand six hundred and twenty-five (2,625) dollars, and Mrs. E. L. Lancaster three hundred and eighty (380) dollars, a total of three thousand and five (3,005) dollars." But in their answer they say that at the time of the passage of this vote they did determine the value of the benefit, and the advantage to the petitioner's said remaining land abutting upon said way, and the expense of laying out and grading the way, and proceed to set out other things done and considered by them at that time which, if true, show a full compliance with the requirements of Pub. Sts. c. 51, § 1, provided they were done within two years of the laying out. No doubt it would have been more regular if these matters had been incorporated into the record, but the statement of the selectmen in regard to them in their answer or return is conclusive. *Ward* v. *Aldermen of Newton, ante,* 432. *Haven* v. *County Commissioners,* 155 Mass. 467. *Tewksbury* v. *County Commissioners,* 117 Mass. 563. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206.

The assessment was made December 17, 1900. The order of the board of survey under which the avenue was laid out was passed October 18, 1898, and it is stated in the return of the respondents that a report of the laying out was duly filed by the board of survey in the office of the town clerk on October 28, 1898. On December 19, 1898, under a proper article in the warrant, the town voted that the avenue, as laid out by the board of survey, be allowed and accepted as a public town way. The petitioner contends that the laying out took place on October 18 when the board of survey passed its order, and relies for this on *Hitchcock* v. *Aldermen of Springfield,* 121 Mass. 382. But that case arose under the city charter of Springfield, which

gives to the city council "exclusive authority and power to lay out, alter, or discontinue any street or way, the termini of which are entirely within the city." St. 1852, c. 94, § 14. The vote of the city council necessarily therefore constituted the laying out from which the two years for the assessment of the betterment began to run. The statute in the present case provided that the board should "proceed in the manner provided at the date of the passage of this act for laying out highways in said town." St. 1896, c. 417, § 6. We have already construed the word "highway" to include a town way such as this was, and in laying out town ways the final action is by the town. Pub. Sts. c. 49, § 71. It follows that the avenue in question was not laid out till the town had acted on the same December 19, 1898, and that the assessment was within two years from the laying out of the avenue.

The respondents alleged in their answer that the work of laying out and grading the way had been completed at the time of the assessment. The petitioner was permitted to introduce evidence controverting this, and the respondents to introduce evidence supporting it. The question of the competency of the evidence was reserved for the full court. The presiding justice found, if the evidence was competent, that "the street was not, on December 17, 1900, and has not been at any time, a well constructed and finished macadamized street. It was passable and safe, but its surface was rough and hard to drive over for want of a sufficient coating of screenings or gravel properly wet and rolled. The proposal for construction set out in the order of the board of survey contemplated a completed condition much better, as to the surface of the street, than that which has existed. It is a reasonable inference from the evidence, and I accordingly find, that the contractor submitted the work to the selectmen as a substantial performance of his contract, and that they accepted it as such, although it did not fully meet the requirements of the writing by which the parties were bound." The presiding justice does not seem to us to have found that the street was completed. He finds that it was passable and safe, and was accepted by the selectmen as a substantial performance by the contractor of his contract, but that is as far as his finding goes. If he had found that the street was completed, it would, perhaps,

have been unnecessary to consider the competency of the evidence. But as the case stands that question must be determined, and we are of opinion that the testimony was not competent. The object of a writ of certiorari is to bring up questions of law. See *Ward* v. *Aldermen of Newton, ante,* 432. It is in the nature of a writ of error addressed to inferior tribunals which do not proceed according to the course of the common law, and where, but for the remedy thus afforded, there would be no way of correcting mistakes of law. *Farmington River Water Power Co.* v. *County Commissioners, Tewksbury* v. *County Commissioners, ubi supra.* Alleged mistakes in regard to findings of fact in relation to matters within the jurisdiction of the tribunal to which the writ is addressed, or whose rulings and action are the subject of inquiry cannot be corrected any more than in any other case where the object of the procedure is to bring up questions of law. In the present case the selectmen return that the avenue was completed at the time when they made the assessment. This finding cannot be controverted by the petitioner under the present petition whatever may be the effect of it in other proceedings upon which we express no opinion. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 214.

In regard to the alleged arrangement by which betterment was not to be assessed upon the remaining land of the petitioner, it is enough to say that, if such an arrangement and the refusal to carry it out could be made the ground for proceedings in certiorari, it could only be in a case where the agreement was in writing as required by the statute. St. 1884, c. 226. R. L. c. 50, § 11. In this case it is not alleged that there was any written agreement.

The evidence offered in regard to the good faith of the selectmen was rightly excluded. It was only another way of retrying their decision in regard to the betterment. *Ward* v. *Aldermen of Newton, ante,* 432.

The result is that we think that the petition should be dismissed.

*So ordered.*

*B. B. Dewing,* for the petitioner.
*S. R. Cutler,* for the respondents.