NEW YORK CENTRAL RAILROAD COMPANY & another *vs.* PUBLIC SERVICE COMMISSIONERS.

Suffolk.   October 23, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Certiorari.   Public Service Commission.*

Upon a petition for a writ of certiorari directed to the public service commission and commanding them to certify to the court their proceedings relative to a petition for a determination of rents to be paid under St. 1905, c. 422, § 2, for the use of the union passenger station in Worcester, no question can be raised as to the correctness of findings made by the commission relating to the basic

facts and their final determination of the questions of fact upon which their order rested.

By the return of the commission upon the petition above described, it appeared that the commission, before entering the order complained of, had written a letter to the petitioner's counsel enclosing a draft of the commission's findings and of the order; that among the findings was a statement that the parties had agreed that the award should be effective as of a date then past; that the attorney for the petitioner replied by a letter stating in substance that the effective date should not be as stated, but a date over two years later; that twenty days later the findings of fact were made as stated in the draft previously submitted to counsel and an order based thereon was entered. *Held*, that the correctness of the finding by the commission as to the agreement of the parties relative to the order taking effect retroactively could not be called in question upon the petition for a writ of certiorari.

PETITION, filed in the Supreme Judicial Court on March 13, 1919, for a writ of certiorari addressed to the public service commissioners, directing them to certify to the court all their orders and proceedings relating to a petition, filed on December 7, 1917, under St. 1905, c. 422, § 2, for a determination of the reasonable rent to be paid by the Boston and Maine Railroad and the New York, New Haven, and Hartford Railroad Company for the use of the union passenger station at Worcester, with such an extension of their records as would state all the material facts upon which the commission proceeded and their rulings thereon, to the end that the same might be dealt with as law and justice might require.

From the return of the respondents, it appeared that, after a hearing on the petition before them, their chairman on September 16, 1918, wrote to the attorney for the petitioners a letter reading as follows: "I have just completed a draft of a report upon the pending petition of the Boston & Albany Railroad Company for determination of the rental for the use of the Union station in Worcester. I have also prepared a draft of the order to accompany the report, and enclose a copy of the same herewith, the amount determined as the cost of the station for the purposes of this case being left in blank. I have attempted to embody in the order the terms of the agreement between parties so far as applicable. Would you be kind enough to look this over and advise me as soon as possible of any changes or additions to the order which appear to you to be desirable for a full and correct statement of the terms agreed to."

The return further stated that on September 19, 1918, the petitioners' attorney replied to the above letter with the following letter: "Replying to your favor of the 16th inst., enclosing draft of order relative to the Worcester Station rental, my only suggestion is that the effective date of the valuation of the station building should not be January 1, 1916, but should be January 31, 1918, the date of the termination of the contract between the parties. As I stated at the hearing, I understood that the parties were agreeable to having the percentages revised from January 1, 1916, but that did not apply to 'Schedule A,' so-called, involving the cost of the station."

The return of the respondents then stated that on October 9, 1918, the commission made certain findings of fact and the order objected to was entered. Among the findings of fact was the following: "The parties have agreed that the award so made by the commission shall be effective from January 1, 1916." The last paragraph of the order read: "4. This award shall be effective as of the first day of January, 1916, and shall continue in force thereafter until terminated in accordance with the provisions of section 2 of chapter 422 of the Acts of 1905."

The petition was heard by *Loring,* J. Certain rulings, asked for by the petitioners and raising the questions described in the opinion, were refused. The petitioners alleged exceptions.

*G. H. Fernald, Jr.,* (*L. Kofsky* with him,) for the petitioners.

*F. A. Farnham,* for the New York, New Haven, and Hartford Railroad Company and the Boston and Maine Railroad.

The Attorney General filed no brief and did not care to be heard.

DE COURCY, J. Provision was made by St. 1905, c. 422, for a new union passenger station in the city of Worcester, in connection with the abolition of certain grade crossings. The entire cost of the land and sixty-five per cent of the cost of the station were paid by the Boston and Albany Railroad Company, the balance being contributed by the Commonwealth and the city of Worcester. Section 2 of the act reads: "Said station shall be used by all the railroads now entering the city of Worcester, the railroad corporations owning or operating such railroads severally yielding and paying to the Boston and Albany Railroad Company, its lessee, successors or assigns, a reasonable rent

for the use thereof, which, if not agreed upon by the parties, shall be determined, and may be revised and altered from time to time at intervals of not less than three years, by the board of railroad commissioners upon a petition presented to said board by either of said corporations." As the parties failed to agree, the Boston and Albany Railroad Company and the New York Central Railroad Company petitioned the public service commission (successor to the board of railroad commissioners) under this statute to determine the reasonable rental for the use of the station to be paid by the Boston and Maine Railroad and the New York, New Haven, and Hartford Railroad Company. After due hearings and investigation the commission made an order fixing the rental, to be effective from January 1, 1916. Thereupon this petition for a writ of certiorari was brought to correct certain alleged errors of law in the proceedings of the commission. A single justice of this court, before whom the case was heard, refused to make the rulings requested by the petitioners, and ordered the petition dismissed.

Most of the items on which the rental was computed are undisputed. The petitioners urge, however, that the commission erred in determining that the thirty-five per cent contributed by the city and State toward the cost of the station should not be made the basis of a fixed charge to be paid by the other railroad companies, and insist that the reasonable rental should be based on the net cost of the present station to the Boston and Albany Railroad Company. Complaint is also made of the view which the commission took on the subject of depreciation. The short answer to all the contentions of the petitioners is that a writ of certiorari lies only to correct errors in law, and not to revise the decision of a question of fact. No question of law was raised at the hearing before the commission. The issue submitted to them, namely, what was a reasonable rental for the use of the station, was within their jurisdiction, their finding was within the scope of the petition, and was a finding of fact. They prefaced their order by a preliminary statement containing a history of the proceedings, and the reasons which led them to a conclusion which they thought equitable between the parties. Without intimating that the statement fails to fully support the order, it seems plain that it contains only findings of fact. It

certainly contains no ruling of law which renders the order itself invalid.

Our only doubt arises from the action of the commission in making the award retroactive to January 1, 1916. See *Boston & Worcester Railroad* v. *Western Railroad,* 14 Gray, 253, 265. But we think they did not exceed their authority, in view of their express finding that "The parties have agreed that the award so made by the commission shall be effective from January 1, 1916." While the letter of counsel for the petitioners, dated September 19, 1918, indicates that this statement was not entirely in accordance with his understanding of the agreement, we must accept the finding of the commission as final, for the purposes of this petition. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206. *Haven* v. *County Commissioners,* 155 Mass. 467.

*Exceptions overruled.*