### BROCKTON EDISON COMPANY *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    December 3, 1945. — April 2, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Taxation*, Corporate franchise tax.

A decision by the Appellate Tax Board sustaining the amount of assessments by local assessors upon appeal by a corporation solely under G. L. (Ter. Ed.) c. 63, § 68A, as amended; c. 59, § 64, from a refusal of the assessors to grant an abatement of such assessments, where it appeared that in assessing a franchise tax under c. 63 the tax commissioner had deducted, as the true value of property of the corporation locally taxed, a sum less than that fixed by the assessors, was not binding on the commissioner.

Under present statutes, in order to procure adjudications of value by the Appellate Tax Board binding both the tax commissioner and the assessors of a town when the tax commissioner, in assessing a franchise tax upon a corporation under G. L. (Ter. Ed.) c. 63 deducts, as the true value of property of the corporation subject to local taxation, a sum less than that fixed by the assessors as such value, the corporation should act under § 68A as amended by applying to the assessors for an abatement and by appealing from refusal thereof to the Appellate Tax Board under c. 59, § 64, and also should apply to the commissioner under c. 63, § 60, for correction of the commissioner's determination of the tax and, upon an adverse decision by him, appeal to the Appellate Tax Board.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 28, 1945, for a writ of mandamus.

The case was reserved and reported, without decision, by *Spalding*, J.

*E. J. Campbell*, (*A. C. Doyle* with him,) for the petitioner.

*W. G. Perrin*, Assistant Attorney General, (*R. J. Cotter, Jr.*, with him,) for the Commissioner of Corporations and Taxation.

SPALDING, J.    This is a petition for a writ of mandamus brought by the Brockton Edison Company to compel the commissioner of corporations and taxation for the Com-

monwealth (hereinafter called the commissioner) to deduct, in computing its franchise tax for the year 1941, the value (as determined by the assessors and the Appellate Tax Board) of its property subject to taxation in the city of Brockton and town of East Bridgewater.  The petitioner also asks that the commissioner be ordered to refund the amount of the tax collected on the portion of this property upon which, it alleges, it was doubly taxed by reason of the incorrect valuation by the commissioner.  The case was heard on a statement of agreed facts by a single justice who, without decision, reserved and reported it for the determination of the full court.

The petitioner is a Massachusetts corporation and was subject to a franchise tax for the year 1941 under G. L. (Ter. Ed.) c. 63, § 58.  The commissioner, after determining under G. L. (Ter. Ed.) c. 63, § 55, as amended by St. 1939, c. 24, § 7, the true value, for tax purposes, of the corporate · franchise of the petitioner, must deduct from such value "the value as found by the commissioner of . . . [its] works, structures, real estate, motor vehicles, trailers, machinery, poles, underground conduits, wires and pipes, subject to local taxation wherever situated" (§ 55, Fifth).  It is further provided in § 55 that in making this deduction the commissioner may take as the true value of such property the value at which it is assessed at the place where it is located, "but such local assessment shall not be conclusive of the true value thereof."

In 1941 property of the petitioner subject to taxation in the town of East Bridgewater was assessed by the assessors of that town at $1,057,092.  The commissioner, however, determined the value to be $1,022,592 and deducted this amount in computing the franchise tax.  In the same year the assessors of the city of Brockton assessed the petitioner's property in that city at $3,116,360.  But in computing the franchise tax the commissioner valued this property at $3,054,360.

The petitioner paid its franchise tax for 1941 on the valuation determined by the commissioner; it also paid the full amount of the taxes assessed by the city of Brockton and

town of East Bridgewater.  The commissioner pursuant to
G. L. (Ter. Ed.) c. 63, § 68A, as amended by St. 1939, c. 24,
§ 8, duly notified the petitioner that his valuations of its
property subject to taxation in Brockton and the town of
East Bridgewater were less than the valuations as deter-
mined locally by the assessors, and within one month the
petitioner applied to the boards of assessors of the two mu-
nicipalities for abatements, notifying the commissioner of
the action taken.   Upon the refusal of the assessors to grant
abatements, the petitioner, in accordance with § 68A, prose-
cuted appeals to the Appellate Tax Board under the pro-
visions of G. L. (Ter. Ed.) c. 59, § 64, giving notice thereof
to the commissioner.   After a hearing the Appellate Tax
Board rendered a decision in which it found the value of the
petitioner's property in Brockton and East Bridgewater
to be the same as that fixed by the assessors.  This valua-
tion was, with respect to the Brockton property, $62,000
more than that determined by the commissioner; and as to
the property in East Bridgewater it was $34,500 more.  The
petitioner thereupon requested the commissioner to grant
an abatement of the franchise tax paid for the year 1941 by
crediting it with the additional valuation of $96,500.  Upon
the commissioner's refusal to do this, the petitioner brought
these proceedings.

The principal questions presented on this record are
whether the determination by the Appellate Tax Board
under G. L. (Ter. Ed.) c. 63, § 68A, of the value of the
petitioner's property subject to taxation in Brockton and
East Bridgewater is binding on the commissioner in com-
puting the petitioner's franchise tax and, if so, whether a
refund can be had in these proceedings.   The petitioner's
contention is that where the commissioner determines the
value of property subject to local taxation to be less than
that fixed by the assessors the taxpayer's remedy is under
§ 68A and since the petitioner has done all that it is required
to do under this section it is entitled to the relief sought.
It further argues that if relief is denied it will be subjected
to double taxation on $96,500.

The respondent argues that the petitioner is not entitled

to a writ of mandamus because other remedies were available to it under G. L. (Ter. Ed.) c. 63, §§ 60 and 71, as amended.  See *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339; *Parrotta* v. *Hederson*, 315 Mass. 416, 420, and cases cited; *James* v. *Mayor of New Bedford, ante*, 74, 77.  But apart from this the respondent makes the more fundamental objection that the petitioner by proceeding exclusively under § 68A was not entitled to an abatement in any form of proceeding.  Since this question is one of importance in the administration of the tax laws and is in need of clarification, we prefer to dispose of the case on the latter ground.

Section 68A, as amended, on which the petitioner grounds its right to relief, reads as follows: "If the value of the works, structures, real estate, motor vehicles, trailers, machinery, poles, underground conduits, wires and pipes owned by a corporation taxable under any provision of this chapter and which are subject to local taxation within the commonwealth, as determined by the commissioner, is less than the value thereof as determined by the assessors of the town where it is situated, he shall give notice of his determination to such corporation; and, unless within one month after the date of such notice it applies to said assessors for an abatement, and, upon their refusal to grant an abatement, prosecutes an appeal under section sixty-four of chapter fifty-nine, giving notice thereof to the commissioner, the valuation of the commissioner shall be conclusive upon said corporation."  The original statute from which § 68A is derived is St. 1865, c. 283, § 6, the provisions of which were: "In case the value of the real estate and machinery located within the Commonwealth, of any corporation, as determined by the commissioner, shall be less than the value as determined by the assessors of the city or town where such real estate or machinery is taxable, said commissioner shall notify the corporation of such determination, and if said corporation shall not, within one month from the date of such notice, make application to said assessors for an abatement, and shall not, in case of the refusal of said assessors to grant an abatement, forthwith prosecute an appeal in accordance with the provisions of

chapter eleven of the General Statutes, and give notice thereof to the tax commissioner, such determination shall be conclusive upon said corporation. *The tax commissioner may appear before the county commissioners and be heard upon any appeal made to them, and the decision of the county commissioners shall be conclusive as to the value"* (emphasis supplied). It is to be noted that the last sentence of § 6 giving the commissioner the right to appear in the proceedings on appeal and providing that the decision on appeal "shall be conclusive as to the value" does not appear in § 68A. Section 6 was incorporated into the Public Statutes (1882) as § 41 of c. 13 without substantial change. In the compilation of the Revised Laws in 1902 the substance of the last sentence of St. 1865, c. 283, § 6, appears in R. L. c. 14, § 39. [1] The remaining portion of § 6 as carried over into Pub. Sts. c. 13, § 41, was reënacted as R. L. c. 14, § 42, without material changes. [2] In the codification of the laws relating to taxation (St. 1909, c. 490) §§ 39 and 42 of c. 14 of the Revised Laws appear as §§ 42 and 45, respectively, of Part III, with slight changes not here material. Statute 1919, c. 349, § 17, repealed St. 1909, c. 490, Part III, § 42. But § 45 of the same act has been continued in force, with minor changes, ultimately appearing as G. L. (Ter. Ed.) c. 63, § 68A. [3]

With the repeal of St. 1909, c. 490, Part III, § 42, the provisions that the commissioner might be heard on an

---

[1] This came from St. 1890, c. 127, § 7, and read as follows: "The tax commissioner may require a corporation to prosecute an appeal from the valuation of its real estate or machinery by the assessors of a city or town, either to the county commissioners or to the superior court, whose decision shall be conclusive upon the question of value. Upon such appeal the tax commissioner may be heard, and in the superior court costs may be awarded as justice requires."

[2] This read: "If the value of the real estate and machinery of a corporation subject to local taxation within the commonwealth, as determined by the tax commissioner, is less than the value thereof as determined by the assessors of the place where it is situated, he shall give notice of his determination to such corporation; and, unless within one month after the date of such notice it applies to said assessors for an abatement and, upon their refusal to grant an abatement, prosecutes an appeal under the provisions of section seventy-seven of chapter twelve, giving notice thereof to the tax commissioner, the valuation of said commissioner shall be conclusive upon said corporation."

[3] See G. L. c. 63, § 57; St. 1926, c. 279, § 7; St. 1927, c. 258, § 5; St. 1928, c. 13, § 1; St. 1939, c. 24, § 8.

appeal by the taxpayer from the decision of the assessors and that the decision on appeal was to be conclusive on the question of value were abolished.  To sustain the petitioner's contention that under § 68A the determination of value by the Appellate Tax Board was binding on the commissioner, we should have to say that the repeal of § 42 was not significant and that under § 45 (now G. L. [Ter. Ed.] c. 63, § 68A) the petitioner had the same rights as it would formerly have had under § 42.  Such a construction, we think, is not warranted in view of the foregoing legislative history.  "It is a well settled rule, that when any statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled.  To hold otherwise would be to impute to the legislature gross carelessness or ignorance; which is altogether inadmissible."  *Ellis* v. *Paige*, 1 Pick. 43, 45.

It is true that § 68A provides that where a corporation prosecutes an appeal from the assessors' valuation under § 64 of c. 59 (as it must, if it is to avoid the conclusiveness of the commissioner's valuation) the commissioner shall be notified; but it does not provide, as did the earlier statutes, that the commissioner may appear and be heard, and that the decision on appeal shall be conclusive on the question of value.  Nor is any provision made in § 68A for the granting of an abatement.  The statutes relating to this matter are not as clear as they might be, but we think that by appropriate proceedings to which the commissioner is a party a corporation is entitled to a determination of value (binding on both the corporation and the commissioner) by the Appellate Tax Board and, if the facts warrant it, to an abatement.  To accomplish this a corporation that is aggrieved by reason of the fact that the commissioner has determined the value of its property subject to local taxation to be less than the valuation fixed by the assessors must, under § 68A, apply to the assessors for an abatement, and, upon their refusal to grant it, must prosecute an appeal to the Appellate Tax Board under G. L. (Ter. Ed.) c. 59, § 64.  But in addition, if an abatement is desired with re-

spect to the corporate franchise tax, it must apply to the commissioner under § 60 of c. 63 "for the correction of the tax, and in default of settlement may, within thirty days of the date of notification of the commissioner's decision, appeal therefrom to the appellate tax board." [1]   The commissioner thus becomes a party to the proceedings which the Appellate Tax Board can dispose of along with those under § 68A.   The corporation is thereby protected from the injustice of double taxation (see *Lowell* v. *County Commissioners of Middlesex*, 146 Mass. 403, 408–409), for if the commissioner's valuation is found by the Appellate Tax Board to be correct it will be entitled to an abatement from the city or town where the property is situated.   On the other hand, if the assessors' valuation is found to be correct the corporation will be entitled to an abatement from the Commonwealth under § 60.   If the valuation is found to be less than that of the assessors but more than that of the commissioner, the corporation would be entitled to abatements from the city or town and from the Commonwealth.   Concerning proceedings under the earlier statute (Pub. Sts. c. 13, § 41) it was said in *Lowell* v. *County Commissioners of Middlesex*, 146 Mass. 403, at 409, "When the case gets before the county commissioners, the corporation may have no interest in the question, and can have but a slight interest.   The tax commissioner on behalf of the Commonwealth, and the town or city in which the real estate and machinery are located, become the actors and parties interested, the main object of the hearing being to

---

[1] Section 60, as most recently amended by St. 1941, c. 509, § 8, reads as follows: "The commissioner shall annually, as soon as may be after April fifteenth, give notice to the treasurer of every corporation, company or association liable to any tax under section fifty-eight, of the amount thereof, the time when due, the right to apply for correction, and the right of appeal, all as herein provided. Said tax shall be due and payable to the commissioner within thirty days after the date of such notice, but not before June first. The taxpayer may apply to the commissioner, within sixty days after the date of the notice, for the correction of the tax, and in default of settlement may, within thirty days of the date of notification of the commissioner's decision, appeal therefrom to the appellate tax board. If abatement of a tax paid is granted the overpayment with interest thereon at the rate of six per cent per annum from the date of payment shall be refunded to the taxpayer by the state treasurer without any appropriation therefor by the general court even though such sum is not deductible from a tax or taxes to be distributed to the several towns."

determine what valuation shall be binding upon each of them, thus affecting the amount of the excise or tax which each is entitled to assess and collect."

The conclusion that an abatement of the franchise tax cannot be obtained by proceeding only under § 68A is further strengthened by a comparison of that section with § 60; in the latter section an express provision is made for refunding the overpayment to the taxpayer in case an abatement is granted. A similar provision may also be found in § 71. (Whether the petitioner also has a remedy under this section, as the respondent contends, need not be decided.) But in § 68A there is no provision for the granting of an abatement in the event that the commissioner's valuation of the property is found to be wrong. This, we think, is significant.

If the procedure outlined above is thought to be more cumbersome than it ought to be, the remedy must be supplied by the Legislature. We are not at liberty to extend statutes by construction beyond their fair import in order to reach a desirable result.

Since we are of opinion that the petitioner by proceeding only under § 68A was not entitled to the relief sought, the petition is dismissed.

*So ordered.*