ALDEN H. SEARS *vs.* MAYOR AND ALDERMEN OF
WORCESTER.

Worcester.   November 20, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Certiorari.   De minimis non curat lex.*

A writ of certiorari will not be issued to quash the levying of a betterment assess-
ment on the ground that it exceeds one half of the adjudged betterment in the
case specified by the amount of half a cent.

PETITION for a writ of certiorari to quash the proceedings of
the mayor and aldermen of the city of Worcester in levying cer-
tain betterment assessments on land of the petitioner for the
widening of West Boylston Street in Worcester, filed May 12,
1900.

The case was heard by *Holmes*, C. J., who, at the request of
the petitioner, reported it for the full court as follows:

"The petitioner wished to offer evidence that West Boylston
street was not substantially completed, but I ruled that in this
proceeding I could not go behind the record set out in the
answer. I also ruled that the assessment was levied in time,
and that it was not void because it exceeded one half of the ad-
judged benefit in the case specified by one half of one cent, and
ordered the petition dismissed."

The petitioner alleged exceptions, of which the only one
argued related to the ruling last stated.

*C. W. Wood & C. H. Wood*, for the petitioner.

*A. P. Rugg*, for the respondents.

LATHROP, J.   This is a petition for a writ of certiorari to
quash the proceedings of the mayor and aldermen of the city of
Worcester in making an assessment for street betterments,
under the Pub. Sts. c. 51, § 1.

While several questions were presented to the Chief Justice
of this court, and are before us, on his report, the only one
argued by the petitioner is an exception to the ruling that the
assessment was not void because it exceeded one half of the ad-

judged benefit by one half of a cent.   The other questions we regard as waived.

We are of opinion that the ruling was right.   As was said in *Stone* v. *Boston*, 2 Met. 220, 228: " A petition for certiorari is addressed to the sound discretion of the court.   It is not to be granted for the mere purpose of enabling a party to avoid the proceedings of an inferior tribunal, for technical errors.   It must appear that manifest injustice has been done to the petitioner."   See also *Pickford* v. *Mayor & Aldermen of Lynn*, 98 Mass. 491, 496 ; *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 212; *Blake* v. *County Commissioners*, 114 Mass. 583, 586 ; *Lowell* v. *County Commissioners*, 146 Mass. 403, 412 ; *Haven* v. *County Commissioners*, 155 Mass. 467 ; *Devlin* v. *Dalton*, 171 Mass. 338, 341.

It cannot be said in this case that manifest injustice has been done the petitioner.   In the language of Chief Justice Gray, in *Workman* v. *Worcester*, 118 Mass. 168, 175 : " A case can hardly be imagined which would more imperatively call for the application of the maxim *de minimis non curat lex.*"

<div align="right">

*Petition dismissed.*