MARY U. SHANAHAN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

PATRICK J. SHANAHAN *vs.* SAME.

Essex.    November 7, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Docket entries, Appeal, New trial.

The docket entries in a case until extended constitute the record of the proceedings.

Under R. L. c. 173, § 96, an appeal from a judgment of the Superior Court raises such questions of law as are disclosed by the record.

On a motion for a new trial by a plaintiff after a verdict for the defendant, the presiding judge has no power to make an order granting the motion unless on or before a certain date the defendant consents to the entry of judgment in favor of the plaintiff for a sum named.

Where, on a motion by a plaintiff for a new trial after a verdict for the defendant, the presiding judge made an order granting the motion unless on or before a

certain date the defendant consented to the entry of judgment in favor of the plaintiff for a sum named, and the defendant so consented if the judge had power to make the order, and the order was vacated as beyond the power of the judge, it was ordered that the motion for a new trial should stand for a further hearing.

BRALEY, J. These are actions of tort brought by husband and wife to recover damages for personal injuries caused to her by the negligence of the defendant, and for consequent loss of consortium by him. In the Superior Court verdicts having been returned for the defendant, the plaintiffs severally moved for a new trial. Thereupon an order was entered granting the motions unless on or before a certain date the defendant consented to the entry of judgment in favor of the plaintiff in the first case for $200, and in the second for $50. The plaintiffs seasonably appealed to this court, and the defendant having consented to the terms imposed, judgment was entered accordingly, and the cases are before us on a copy of the docket entries, supplemented by an agreed statement of the parties sanctioned by the presiding judge. This enumerates substantially the above recitals, with a further stipulation that if the additional orders lawfully could have been made then the judgments are to be affirmed, if not, then such order may be entered " as law and justice require."

Until formally extended these entries constitute the record, and although the plaintiffs might have alleged and saved exceptions, yet as the entire proceedings are set forth any question of law disclosed is properly before us on the appeal. *De Montague* v. *Bacharach*, 187 Mass. 128, 133. *Warburton* v. *Gourse*, ante, 203. R. L. c. 173, § 96. *Fay* v. *Upton*, 153 Mass. 6. *Corsiglia* v. *Burnham*, 189 Mass. 347. Upon this record the granting of a new trial because the verdicts " were against the evidence, the weight of the evidence and the law " was discretionary, and by the exercise of this discretion in favor of the plaintiffs they were neither aggrieved, nor did the defendant have any right of exception. *Borrowscale* v. *Bosworth*, 98 Mass. 34. *Commonwealth* v. *Morrison*, 134 Mass. 189, 190. *Hill* v. *Greenwood*, 160 Mass. 256. If the order had not gone further, the plaintiffs then would have had the right again to present their cases to a jury for whose determination of the facts they had seasonably asked. After having decided that a new trial

should be granted, the scope of the order upon the defendant's assent to its terms was nullified by an assessment of damages which deprived the plaintiffs of the right previously conferred. Besides, the judicial action, taken after the determination had been reached to set the verdicts aside, substituted for the verdict of a jury a finding by the judge which the plaintiffs were not compelled to accept, nor could they thus be deprived of their constitutional right. *Hubbard* v. *Lamburn*, 189 Mass. 296. These cases are to be distinguished from those in which after a verdict for the plaintiff the defendant asks for a new trial, and the option is given to the plaintiff upon filing a remittitur in excess of a certain sum to retain the verdict, or otherwise the motion will be granted. In such cases the question of liability already has been determined in the plaintiff's favor. He may prefer to remit a portion of the damages rather than take the hazard of another trial, but in any event his freedom of choice remains uncircumscribed. By R. L. c. 173, § 112, this practice is sanctioned and established, but the statute does not confer the right even with the assent of the defendant to impose upon a plaintiff the involuntary acceptance of an assessment to be ascertained by the judge where the verdict of the jury has been adverse. The discretion is unimpaired to grant or refuse a new trial which includes the re-submission of the issues of liability and of damages, although as yet no damages have been assessed, but upon the assumption that the defendant is liable, then to abrogate the effect of the order by proceeding to assess damages leaves nothing remaining upon which the order can operate, and this course cannot be taken without the concurrence of both parties.

In *Belt* v. *Lawes*, 12 Q. B. D. 356, 358, it was decided that after a verdict in his favor an option to remit damages could be lawfully granted to a plaintiff without the defendant's consent, and in delivering his judgment it was suggested by the Master of the Rolls that it was within the power of the court to compel a plaintiff to accept a certain sum as damages if the defendant consented, but the decision is no longer an authority, having been overruled by the case of *Watt* v. *Watt*, [1905] A. C. 115, in which it is held that without mutual consent the court has no authority to grant a new trial upon the first condition.

The order in each case must be vacated, and the motions are to stand for further hearing.

*Ordered accordingly.*

*W. A. Kelley,* for the plaintiffs.
*S. Parsons & H. A. Bowen,* for the defendant.