OLVIN H. LUFKIN *vs.* HENRY R. HITCHCOCK.

SAME *vs.* ELIHU L. SAWYER.

Norfolk.   December 11, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* New trial, Verdict.   *Negligence.*

In actions against two physicians for alleged negligence in making an examination of the plaintiff and certifying that he was insane, verdicts for the plaintiff giving him only nominal damages should not be set aside on motion of the plaintiff merely because there was evidence which would have warranted verdicts for substantial damages, if there also was evidence which would warrant a finding that the damages were insignificant, if not merely nominal.

A verdict for a plaintiff giving him only nominal damages should not be set aside on motion of the plaintiff on the ground that it was wrong on the question of the defendant's liability and should have been for the defendant, as the plaintiff is not aggrieved by this and the defendant does not complain.

If different parts of a verdict are inconsistent with one another so that they cannot stand together it is the duty of the presiding judge to set it aside and to grant a new trial.

In actions by the same plaintiff respectively against two physicians with declarations containing like counts for libel, for slander, for false imprisonment, and for alleged negligence in making an examination of the plaintiff to determine whether he was insane, it appeared that the defendants had signed a certificate that in their opinion the plaintiff was insane, and that this caused his arrest and his detention for a few hours.   There was testimony that the defendants' examination of the plaintiff occupied only from seven to ten minutes.   The jury returned verdicts for the defendants on the counts for libel, slander and false imprisonment, and reported that they were unable to agree on the counts for negligence without further instructions, which being given by the judge, they returned verdicts for the plaintiff on the counts for negligence but gave him only nominal damages.   The judge had instructed the jury in substance that to return verdicts for the defendants on the counts for false imprisonment they must find that the plaintiff was insane and that his detention was justifiable, and that on the counts for negligence if they found that the defendants were negligent in making their examination and that their negligence was injurious to the plaintiff, they could give the plaintiff such damages as they believed him to have suffered by the defendants' wrongful acts.   The plaintiff moved for a new

trial on the ground that the verdicts were inconsistent. The judge refused to grant a new trial, and the plaintiff alleged exceptions. *Held,* that under the instructions of the judge the jury could have found that, although the plaintiff was insane and was not entitled to recover for libel, slander or false imprisonment, the examination was made hastily and negligently, but that, as the plaintiff suffered no actual damages, the verdict should be for a nominal sum, and that these findings were not contradictory or inconsistent, so that there was no ground for interfering with the exercise of the discretion of the presiding judge in denying the motion for a new trial.

TWO ACTIONS OF TORT by the same plaintiff respectively against two physicians, each declaration containing the counts described in the first paragraph of the opinion. Writs dated December 21, 1904.

In the Superior Court the cases were tried together before *Sherman,* J. The trial took the course described in the opinion, resulting in verdicts for the defendants on every count except the fifth in each declaration on which the jury in each case returned a verdict for the plaintiff in the sum of $1.

The plaintiff moved for a new trial and at the hearing upon this motion asked the judge, among other requests, to rule that the verdicts were inconsistent, and that as matter of law they must be set aside. The judge refused to rule as requested and denied the motion for a new trial. The plaintiff alleged exceptions in both cases.

*F. N. Nay,* (*H. T. Richardson* with him,) for the plaintiff.

*C. F. Jenney,* (*E. C. Jenney* with him,) for the defendants.

KNOWLTON, C. J. The questions presented by this bill of exceptions arose upon the plaintiff's motion for a new trial in each case. The declarations in the two actions are substantially alike, each containing five counts, of which the third was waived. The defendants are physicians, and they signed a certificate that in their opinion the plaintiff was insane. Their action caused his arrest and detention for a few hours. The four counts submitted to the jury were, respectively, for a libel, for slander, for false imprisonment, and for negligence in making the examination to determine whether he was insane. After deliberation the jury came into court, and, in reply to an inquiry by the judge, said that they had agreed upon a verdict for each defendant on the first, second and fourth counts, and that they had been unable to agree upon the fifth count. Thereupon their verdict was

taken and recorded as to these three counts, and after a reply of the judge to a question, they returned to their room and considered the fifth count further. Afterwards they found for the plaintiff upon this count in each case, and gave him nominal damages. The plaintiff filed a motion to set aside the verdict on all the counts, on the ground that they were against the evidence and the weight of evidence, that the different findings were inconsistent and therefore against the law, and that the damages were inadequate. The judge, in the exercise of his discretion, overruled the motion and refused various rulings requested by the plaintiff.

Upon the admitted facts, the verdicts upon the first and second counts must have been found either upon the ground that the certificate was true, or that what was said and written was privileged. The verdicts upon the fourth count, for false imprisonment, in the two cases, could not have been found upon any other ground than that the plaintiff was insane and that his detention was justifiable. If the verdicts for the plaintiff on the fifth count were found under correct rulings of law, the jury must have decided that the defendants were negligent in making their examination, and that their negligence was injurious to the plaintiff. But if the verdicts on the fourth counts are correct, it is difficult to see how negligence in making the examination could have caused the plaintiff injury. There is, therefore, ground for the plaintiff's contention that there is a seeming inconsistency in the verdicts.

It is also true, as he contends, that, if different parts of a verdict are inconsistent with one another so that they cannot stand together, it is the duty of the court to set it aside and grant a new trial, for such a verdict is against the law. *Commonwealth* v. *Haskins*, 128 Mass. 60. *Langan* v. *Langan*, 89 Cal. 186, 195.

Usually there is no way of ascertaining in what part of an inconsistent verdict the jury made their mistake, and for that reason it is necessary to set aside the entire verdict. If, in the present case, nothing appeared but a verdict returned in the ordinary way under such instructions as would necessarily make the findings inconsistent with one another, it would be the duty of the court to grant the plaintiff's motion. But we find that

the jury first completed their duties in regard to three counts in each case, and returned· verdicts which were recorded. As to the fourth counts, on which they found for the defendants, the judge had instructed them that the questions were, first, whether or not the plaintiff was insane on December 8, and if he was, whether he was violent and likely to do damage to himself or others, and that the burden of proof was on the defendants to satisfy the jury on both these propositions, in order to entitle them to a verdict on these counts. Having settled this matter, their further deliberation on the fifth count was under these instructions : " Now there is another count and that is the count for negligence against these two doctors, and that count is that they did not properly examine, did not give sufficient time, and did not make sufficient examination to do it, or that they acted upon presumption in attempting to do it, and that they were negligent in the way they did it. They have explained that to you, why they acted so expeditiously, that here was the man in the lockup and they would not keep him unless they made a certificate, and they made the examination quickly, and it satisfied them he was in such a condition that he should be held until morning. That count is for you to determine, and if you believe the plaintiff's contention, you would be justified in finding for him on that count. If you believe, on the other hand, the defendants' claim, and that there was no malice, that everything they did they did in the best of faith, then you would be justified in finding for the defendants on that count." There was testimony that the examination of the plaintiff occupied only from seven to ten minutes. The evidence well warranted a finding that this examination was made negligently. Such negligence would be a wrong upon the plaintiff, although if he suffered no damage it would not entitle him to recover in an action at law. *Doherty* v. *Munson,* 127 Mass.· 495. *Commercial Bank* v. *Ten Eyck,* 48 N. Y. 305.

On the motion for a new trial the judge found that all the verdicts for the defendants were in accordance with the evidence and the weight of evidence, and ·that the verdicts for the plaintiff should have been for ˙the defendants. If we consider the fifth count by itself, we are of opinion that the assessment of nominal damages does not entitle the plaintiff to a new trial.

It is a general rule that a new trial will not be granted on the ground of inadequacy of the damages where the action is tort for an injury to the feelings, there being no standard by which to measure damages nor any pecuniary loss. 14 Encyc. of Pl. & Pr. 764. The exception to this rule is where the evidence makes it plain that substantial damages should be awarded if the plaintiff recovers at all. See *Miller* v. *Delaware, Lackawanna & Western Railroad,* 29 Vroom, 428. While there was evidence that would have warranted verdicts in these cases for substantial damages, the verdicts should not be set aside on this ground. The damages might be found to be insignificant, if not merely nominal.

If the verdicts on this count in the two cases were wrong as to liability, they should not be set aside on the plaintiff's motion, for he is not aggrieved by them, and the defendants do not complain.

We are brought, therefore, to the main question: Whether the findings of the jury on this count leave their verdicts, as a whole, so contradictory and inconsistent that they should be set aside on the ground that they may have been founded on a mistake in that part which was first recorded. It is of much significance that the only part of the case on which the jury appear to have been troubled is the fifth count. It is also important, although not controlling, that the verdicts on the other counts were returned and recorded before the jury agreed to this part of their verdicts. It is to be noticed that the instructions on the fifth count present as the principal issue, the question whether the examination was made negligently. The jury were told that if the plaintiff was right in his contention, they should find in his favor. Nothing appears to have been said in this connection in regard to the necessity of proving damages to entitle him to a favorable verdict. They were told that in assessing damages they should consider each count by itself, and give "whatever they believed the plaintiff had suffered by the wrongful and unlawful acts of the defendants." Taking the special instruction as to the fifth count, and the general instructions as to damages, the jury might well find that, although the plaintiff was insane and not entitled to recover on the first, second and fourth counts, the examination was made hastily and negligently,

as alleged in the fifth count, and that therefore he was entitled to a verdict on that count, but that, inasmuch as he suffered no actual damages, the verdict should be for a nominal sum. There is a statement that the judge gave other full and appropriate instructions, but we understand this to mean instructions upon subjects other than those referred to in the reported instructions.

. It does not appear in the bill of exceptions that the instructions were such as to make the findings upon the fifth count contradictory or inconsistent with the findings upon the other counts. If it appeared that, in dealing with the fifth count and with the subject of damages, the judge instructed the jury that, even if they found the defendants guilty of negligence as alleged, they should still find in their favor if the plaintiff was insane, we should have the case on which the plaintiff's principal argument is founded. The burden is upon the excepting party to show that he is aggrieved.

*Exceptions overruled.*