## BYRON CLARK *vs.* HENSHAW MOTOR COMPANY.

Worcester.   September 25, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Common knowledge. *Damages,* For breach of contract, Special damages. *Sale.* *Practice, Civil,* Verdict, New trial, Exceptions.

It is matter of common knowledge that an automobile is a chattel commonly bought and sold in the market.
The measure of damages for failure to deliver an automobile according to a contract which contains no provision as to any other method of computing or liquidating the damages, is the difference between the contract price and the market value of the automobile at the time stipulated for delivery.
At the trial of an action for breach of a contract to sell and deliver to the plaintiff an automobile of a special make, the contract containing no provision for the computation or liquidation of damages in case of a breach by the defendant, it is proper to exclude evidence, offered by the plaintiff, tending to show that, having in his employ several salesmen using that

make of automobile, he was deprived of the services of one of them and thereby lost substantial profits from his business by reason of not having the automobile delivered according to the contract, such damages not resulting directly and naturally in the ordinary course of events from the breach of such a contract and there being nothing to indicate that the special use to which the plaintiff intended to put the automobile was made known to the defendant.

Evidence at the trial of the action above described, on the question of damages, which tended to show the rental value of an automobile during the period of nondelivery, was rightly excluded.

At the trial of an action for damages resulting from a breach of a contract to sell and deliver to the plaintiff an automobile of a specified make, it appeared that the plaintiff had deposited with the defendant $50 at the time of making the contract and the jury were instructed that, if the defendant had broken the contract, the plaintiff was entitled to recover at least $50. A verdict for the plaintiff in the sum of $1 was returned, and the plaintiff filed a motion for a new trial on the grounds that the verdict was contrary to the law and to the instructions of the court, and was inadequate. The defendant filed a stipulation to the effect that judgment might be entered for the plaintiff for $51 and costs, and the judge, subject to an exception by the plaintiff, overruled the motion for a new trial. *Held,* that, in the circumstances the refusal to grant the motion for a new trial showed no abuse of discretion, and that the exception must be overruled.

CONTRACT, for breach of a contract to sell and deliver to the plaintiff a " Dodge touring car." Writ in the Central District Court of Worcester dated October 25, 1920.

On appeal to the Superior Court, the action was tried before *Weed,* J. Material evidence, exceptions saved by the plaintiff, and proceedings relating to a motion for a new trial are described in the opinion. There was a verdict for the plaintiff in the sum of $1. The plaintiff alleged exceptions.

*C. E. Tupper,* for the plaintiff.

*L. E. Stockwell,* for the defendant.

RUGG, C.J. This is an action to recover compensation for breach of a contract to deliver to the plaintiff in February, 1920, an automobile of designated make. The plaintiff offered to show that, having in his employ several salesmen using that make of automobile, he was deprived of the services of one of them and thereby lost substantial profits from his business by reason of not having the automobile delivered according to the contract. This offer of proof was excluded rightly.

It is matter of common knowledge that an automobile is a chattel commonly bought and sold in the market. The measure of damages for failure to deliver according to the contract was the difference between the contract price and the market value at the time stipulated for delivery. G. L. c. 106, § 56(3). *F. W. Stock & Sons* v. *Snell*, 240 Mass. 427, 431. *Hall* v. *Paine*, 224 Mass. 62, 65. No exceptional circumstances are shown which render applicable any other rule of damages.

Loss of profits on an independent business, in a subsidiary connection with which the automobile was intended by the plaintiff to have been used, is too remote to have any relation to refusal to deliver the automobile according to contract. Such loss does not directly and naturally in the ordinary course of events result from the breach of such a contract. It cannot be thought that any such element of damages was included in the nature or terms of the contract. There is nothing to indicate that the special use to which the plaintiff intended to put the automobile was made known to the defendant. *Bartlett* v. *Blanchard*, 13 Gray, 429. *National Coal Tar Co.* v. *Malden & Melrose Gas Light Co.* 189 Mass. 234, 237. *Curtis* v. *Boston Ice Co.* 237 Mass. 343, and cases collected at page 350. *McLaren* v. *Marmon-Oldsmobile Co.* 95 N. J. L. 520. Cases like *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 380, 381, and *Orbach* v. *Paramount Pictures Corp.* 233 Mass. 281, where loss of prospective profits in business have been held recoverable, are too clearly distinguishable to require discussion.

The offer to show the rental value of an automobile during the period of nondelivery was rightly excluded for the same reasons. Moreover, it did not appear that the plaintiff hired any automobile.

The plaintiff deposited with the defendant $50 at the time of making the contract. The jury were instructed that, if the defendant had made a breach of the contract, the plaintiff was entitled to recover at least $50. Other appropriate instructions as to damages were given. A verdict for $1 was returned. The plaintiff thereupon filed a motion for a new trial on the grounds that the verdict

was contrary to the law and to the instructions of the court, and inadequate. The defendant then filed a stipulation to the effect that judgment might be entered for the plaintiff for $51 and costs. The court thereafter overruled the motion. To this the plaintiff excepted.

The trial judge has no authority after the separation of the jury to add any sum to the verdict of the jury. *Shanahan* v. *Boston & Northern Street Railway,* 193 Mass. 412. *Minot* v. *Boston,* 201 Mass. 10. *Kennon* v. *Gilmer,* 131 U. S. 22, 29. That was not what was done in the case at bar. After the filing of the stipulation as to judgment by the defendant, it became plain that the amount to be recovered by the plaintiff would be that which the jury had determined to be due him together with the deposit originally made by him. The amount in dispute between the parties then became infinitesimal provided force were given both to the verdict of the jury and to the instruction given by the court. The judge was not required as matter of law under such circumstances to grant a new trial. *Boyden* v. *Moore,* 5 Mass. 365, 371. *Abbott* v. *Walker,* 204 Mass. 71, 74. *Fallon* v. *Clifton Manuf. Co.* 207 Mass. 491, 496. *Sears* v. *Worcester,* 180 Mass. 288. *Lufkin* v. *Hitchcock,* 194 Mass. 231. The granting of a motion for a new trial commonly rests in sound judicial discretion. *Ryan* v. *Hickey,* 240 Mass. 46. *Berggren* v. *Mutual Life Ins. Co. of New York,* 231 Mass. 173, 176. The refusal to grant the motion in the case at bar shows no abuse of discretion. G. L. c. 231, § 132.

*Exceptions overruled.*