164 So. 565

**KRAAS v. AMERICAN BAKERIES CO. et al.**

**6 Div. 782.**

Supreme Court of Alabama.

Oct. 31, 1935.

Rehearing Denied Dec. 12, 1935.

John W. Altman and Edgar Allen, both of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellees.

KNIGHT, Justice.

Suit by plaintiff in the court below, appellant here, to recover damages for personal injuries received by her as the proximate result of alleged negligence of the defendants in the operation of a motor vehicle, to wit, a truck.

The issues were tried by a jury, and a verdict in the sum of $485 was returned in favor of the plaintiff.

Subsequently, and within thirty days after the rendition of the judgment on the verdict, the plaintiff moved for a new trial.

One of the grounds for a new trial was that the damages awarded the plaintiff were grossly inadequate.

The third and fourth grounds of the motion were predicated upon the action of the court in giving, at the request of defendants, charges numbered 12 and 14. These charges instructed the jury that they could not award the plaintiff any damages to compensate her for doctors' bills paid by her, or for "medicines or hospital expenses."

The injuries catalogued by the plaintiff in her complaint were many and severe, and we may here say that the evidence on that particular question shows, beyond any sort of doubt, that the plaintiff's injuries were many, and painful, and serious. We will hereafter refer more particularly to the evidence on this particular phase of plaintiff's case.

The questions of the defendants' negligence, and their consequent liability to respond therefor, were determined against them by the verdict of the jury.

When the motion, after a number of continuances, came on to be considered, the court, over objection and exception of plaintiff, permitted the defendants,

through their attorneys, to file in the cause the following paper, expressing their consent for an additur of damages by the court: "Comes the defendant in the above cause, by its attorneys, and consents that the original judgment in this cause may be increased by the trial court from the sum of $485.00 to the sum of $688.45, and agrees to pay into court said sum together with interest thereon from the date of the original judgment in said cause."

This instrument is signed by the attorneys for "defendant."

It may be here noted that the original suit was against the American Bakeries Company and "John Doe whose name is otherwise unknown to plaintiff." Thereafter, however, the complaint was amended by striking John Doe as a party defendant, and adding P. B. Smiley as a defendant.

In passing upon the motion for a new trial, the judge of said court filed an opinion and order as follows:

"Upon the trial of this cause the plaintiff offered oral testimony as to the money she expended for doctors' bills and for medicine and hospital services, but she did not offer evidence that these charges were reasonable, and for this reason the court, at the written request of the defendant, gave to the jury the following written charges:

"12. If you believe the evidence, you can award plaintiff no damages to compensate her for doctors' bills.

"14. If you believe the evidence you can award the plaintiff no damages to compensate her for medicines or hospital expenses.

"On the trial of this cause the defendant had filed interrogatories to the plaintiff under the statute, and among other things in these interrogatories, were questions relative to the cost to plaintiff of her doctors' bills, medicine and hospital service, and these interrogatories were answered by the plaintiff, and the answers to these interrogatories were offered in evidence by the defendant.

"At that time the court had not had called to its attention a decision of the Supreme Court holding that where the defendant offered in evidence answers of plaintiff to interrogatories which included the cost of doctors' bills and medicine and hospital expense that this constituted some evidence for consideration by the jury. When this decision was called to the attention of the court at a hearing of this motion for a new trial, the court stated to the defendant that unless it consented to the correction of this judgment by increasing it to the highest amount shown by either the oral testimony or the plaintiff's answers to defendant's interrogatories, the court would grant plaintiff's motion for a new trial because of the court's error in giving to the jury the two charges above quoted.

"The defendant as of this the 15th day of September, 1934, having filed in this court its written consent that said judgment by (be) corrected by increasing it in the sum of $203.45, this being the highest amount shown by the testimony. The plaintiff objected to the filing by the defendant of its written consent that the judgment be corrected in the amount above stated, and the court overruled said objection, and the plaintiff, then and there, duly and legally excepted.

"It is therefore ordered by the court, and it is the judgment of the court, that the said judgment be, and the same is hereby, corrected and amended so that the said judgment shall be in the sum of $688.45 as of the date said judgment was originally rendered, and the said judgment having been so corrected so as to include therein the largest sum which could have been awarded by the jury, had the matter of doctors' bills, medicine and hospital service been submitted to them, and the court being of the opinion that error committed in giving the two written charges above set out is thereby cured, and it is further ordered by the court and it is the judgment of the court that the motion of the plaintiff for a new trial in said cause be, and the same is hereby overruled, and the plaintiff duly and legally excepted."

■ The court, of course, committed manifest error to the prejudice of the plaintiff, under the evidence in the case, in withdrawing from the jury, as elements of recoverable damage, the amounts expended by plaintiff in doctors' bills, medicine, and hospital services. Yarbrough v. Mallory, 225 Ala. 579, 144

So. 447; Newton v. Altman, 227 Ala. 465, 150 So. 698.

So, then, when the case came on for hearing on plaintiff's motion for new trial, which motion having been duly continued from time to time by proper orders of the court, thus keeping the case within the power of the court, the court was confronted with at least two errors. These errors called for correction, which could only be made by granting plaintiff's motion for a new trial, or, if within the power of the court to do so, by increasing the judgment to an amount to include the expenses incurred by the plaintiff in doctors' bills, medicine, and hospital service, as shown by the evidence. The court, as above seen, resorted to the last alternative.

It is here earnestly insisted that the court was without power to increase the judgment, and that it could only correct the error by granting a new trial.

This case thus presents the interesting question as to the right of a trial court, under our system of laws, with the consent of the defendant, to increase the judgment, by including therein certain items of damages, which the evidence shows were certain, and capable of being measured by a fixed and exact standard.

■ Of course, there is a difference between cases of damages which may be certainly seen, and such as are ideal, as between assumpsit, trespass for goods where the sum and value may be measured by a fixed standard, and actions of imprisonment, malicious prosecution, libel and slander, and other personal torts, where the damages are matter of opinion, speculative, ideal. Beardmore v. Carrington, 2 Wils. 244, 248. In the latter cases, the amount of damages being uncertain, their assessment must be left to the jury, with the inherent right, as well as statutory authority, in the court to grant a new trial when the court, from the evidence, is convinced that, after allowing all reasonable presumptions in favor of the jury's verdict, it is clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues. Mayne's Treatise on Damages, 572, 573, citing Chitty's Practice (14th Ed.) p. 1326.

In the case of Dimick v. Schiedt, 293 U. S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L. R. 1150, the Supreme Court of the United States, by a closely divided court—five to four—reviewing the judgment of the Circuit Court of Appeals (First Circuit), 70 F.(2d) 558, held that a Federal District Court of Massachusetts had no authority to increase, with consent of the defendant, and against the objection of the plaintiff, a judgment awarding plaintiff damages in a personal injury suit. However, the opinion of that court reflected the views only of a bare majority of the court, as Chief Justice Hughes and Justices Brandeis, Stone, and Cardozo dissented; Justice Stone writing a vigorous dissenting opinion upholding the trial court in making the order directing the increase in the amount of damages awarded by the jury.

It was the contention of the majority that the action of the District Court was in violation of the Seventh Amendment to the Federal Constitution, which reads: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

It is clearly obvious that the Supreme Court in the Dimick Case, supra, in the majority opinion, held to the view that the additur to the jury's award by the court was in contravention of that provision of the Seventh Amendment to the Federal Constitution which states that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

It is noticeable that the Alabama Constitution does not contain this clause, but only provides that "the right of trial by jury shall remain inviolate." Const. 1901, § 11.

In Alabama, we recognize the right of the court, in certain cases, to render judgments non obstante veredicto.

■ The federal courts, by reason of the provisions of the Seventh Amendment to the Constitution, have no power to render judgments non obstante veredicto. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann. Cas. 1914D, 1029. However, the Seventh Amendment has no application to pro-

ceedings in the courts of the several states. Authority supra.

While, of course, the decisions of the Supreme Court are justly entitled to great weight, they cannot exert any controlling influence upon the courts of the several states when those courts are proceeding according to their own practice, and within the constitutional limits of their own State Constitution; no federal question being involved.

This court is definitely committed to the proposition that a plaintiff, who has secured an excessive judgment, may remit a definite amount thereof, and thereby prevent a new trial on that score. Ex parte Steverson, 177 Ala. 384, 58 So. 992. And this rule of practice has been generally adopted by, and applied in, other appellate tribunals, where the sole error found has been that the judgment was excessive. Kennon v. Gilmer, 131 U.S. 22, 29, 30, 9 S.Ct. 696, 33 L.Ed. 110; 3 Cyc. p. 436 et seq.; 11 Roses Notes, U.S.Rep. pp. 771, 772.

It appears that this court has never had occasion to consider a case of inadequacy of damages, where the defendant consents to an additur to the judgment to cover damages which the evidence showed plaintiff was entitled to, and which were capable of measurement by a fixed standard, but which the jury failed to include in its verdict by direction of the court.

After diligent investigation, we have been able to find but few cases bearing upon this particular question. However, the case of Clark v. Henshaw Motor Co., 246 Mass. 386, 140 N.E. 593, 594, is somewhat analogous. In that case, Clark sued Henshaw Motor Company for breach of an agreement to deliver an automobile. Plaintiff had deposited with the defendant $50 at the time the contract was made. The court instructed the jury that, if the defendant breached his contract, the plaintiff was entitled to recover at least $50. A verdict for one dollar was returned. The plaintiff filed motion for new trial on the grounds that the verdict was contrary to the law and the instructions of the court, and inadequate. The defendant then filed a stipulation to the effect that the judgment might be entered for plaintiff for $51 and cost. The court thereafter overruled the motion for new trial. To this the plaintiff excepted. Chief Justice Rugg, in writing for the Supreme Judicial Court of Massachusetts, said: "The trial judge has

no authority after the separation of the jury to add any sum to the verdict of the jury. Shanahan v. Boston & Northern Street R. Co., 193 Mass. 412, 79 N.E. 751; Minot v. Boston, 201 Mass. 10, 86 N.E. 783, 25 L.R.A.(N.S.) 311; Kennon v. Gilmer, 131 U.S. 22, 29, 9 S.Ct. 696, 33 L.Ed. 110. That was not what was done in the case at bar. After the filing of the stipulation as to judgment by the defendant, it became plain that the amount to be recovered by the plaintiff would be that which the jury had determined to be due him together with the deposit originally made by him. The amount in dispute between the parties then became infinitesimal provided force were given both to the verdict of the jury and to the instruction given by the court. The judge was not required as matter of law under such circumstances to grant a new trial. Boyden v. Moore, 5 Mass. 365, 371; Abbott v. Walker, 204 Mass. 71, 74, 90 N.E. 405, 26 L.R.A.(N.S.) 814; Fallon v. Clifton Mfg. Co., 207 Mass. 491, 496, 93 N.E. 800; Sears v. Worcester, 180 Mass. 288, 62 N.E. 269; Lufkin v. Hitchcock, 194 Mass. 231, 80 N.E. 456."

The Supreme Court of Wisconsin, in the case of Hugh Campbell v. S. D. Sutliff, 193 Wis. 370, 214 N.W. 374, 378, 53 A.L.R. 771, held that where the jury's answer to the question which required them to fix the amount of damages assessed for mental pain and suffering was "none," the trial court was without power to strike out the answer "none" and insert in lieu thereof the sum of $50, and to enter a judgment which included the sum of $50 as damages, without giving either party the option to consent to the entry of such judgment, or to submit to a new trial. The court held that to take such action, under such circumstances, invaded the province of the jury, and would deprive one or perhaps both of said parties of their constitutional right to trial by jury. The court, in deciding this case, among other things, said: "The court is satisfied, after a careful study of the cases and of the constitutional provision in the light of the history of its origin and establishment, that neither the trial court nor the appellate court has the power to do more than to give the parties the option to waive their constitutional right to a trial by jury, and that, if such consent is not given, the sole power possessed by the court is to order a new trial in all cases where the damages assessed by the jury *are either excessive or inadequate,* in which the proper amount of the verdict

has to be determined upon *some basis which fairly takes the judgment of the jury for the guide instead of the independent judgment of the court. This rule has no application to cases where the amount added to, or subtracted from, the verdict is clearly and definitely established by the proof."* (Italics supplied.) Thus, it would seem that in cases where the amount to be added to, or subtracted from, the verdict is clearly and definitely established by the proof, the court would have the authority to make the addition or subtraction.

In the case of John Gaffney v. William H. Illingsworth, 90 N.J. Law, 490, 101 A. 243, the Court of Errors and Appeals of New Jersey held that it was within the power of the trial court, with the consent of the defendant, to increase the damages awarded by the jury to such amount as the court thought the plaintiff entitled under the evidence, and having done so, to overrule plaintiff's motion for new trial entered upon the ground of inadequacy of damages awarded.

In discussing the question of the right of the court to make the additur, the Court of Errors and Appeals observed: "The power of the court in granting a new trial upon the ground that the damages are excessive, upon terms that a new trial shall be had unless the plaintiff will accept a certain sum named, less than that awarded by a verdict, is too well established to be questioned. It would seem to follow, by parity of reasoning, that when a new trial is granted because the damages are inadequate, the court may impose like terms, that is, terms to the effect that, if the defeated party will pay a certain sum greater than that awarded by the verdict, the rule will be discharged, subject, doubtless, to the power of an appellate court to vacate any such terms when they appear to be an abuse of discretion."

The Supreme Court of Washington, in the case of Clausing et al. v. Kershaw et al., 129 Wash. 67, 224 P. 573, held that the trial court may, with consent of defendant, increase the damages awarded by the jury. In that case the jury had awarded plaintiff damages in the sum of $700. Upon motion for a new trial, the court entered an order granting same unless within twenty days the defendant would agree to an increase of the verdict to $1,400.

It was contended by the defendant that the court was without power to substitute its judgment for that of the jury in determining the amount of damages. To this contention the court responded: "Unquestionably the court could, without committing reversible error, have set the verdict aside and granted a new trial for the reason assigned; but, under our practice, it was not compulsory upon it to do so. From the order as a whole, it is evident that the judge was led to the belief expressed in the order solely because of the size of the verdict, as he found no fault with the conclusion of the jury that the respondent was entitled under the evidence to some recovery. It was therefore within his province either to grant a new trial unconditionally, or to grant it on the condition that the respondent [plaintiff in the suit] refused to accept a judgment in such sum as he conceived the jury were warranting in finding as compensation for the injury."

We do not wish, however, to be understood as committing this court to the proposition that a trial court may increase the damages in cases where the same are uncertain, and with no fixed standard of admeasurement, as held in the New Jersey and Washington cases, supra. No such case is here presented. Until such a case is presented, we will make no pronouncement.

■ We are fully persuaded that the court below erroneously excluded the proven items of doctors' bills, medicine, and hospital services, from the consideration of the jury; that the amount of these items had been clearly and definitely established by the evidence; and the court, with the consent of the defendant, had the power to increase the judgment by the aggregate amount, in dollars and cents, of the excluded items covered by charges 12 and 14. In this action of the court there was no error, and certainly none prejudicial to the plaintiff. By this action of the court, the plaintiff received the highest recovery possible under the evidence for the amounts expended by her for doctors' bills, medicine, and hospital services. · And it may bé said that the court, in taking this action, pursued a course which tended to make "the administration of the law * * * the administration of justice." Baxter v. Chicago & N. W. R. Co., 104 Wis. 307, 336, 80 N.W. 644, 655.

We are also persuaded that there is no substantial merit in appellant's insistence that the consent to the additur was made only by one of the defendants, though the consent speaks only of the "defendant" in-

284

stead of defendants. We think it was the intention of the parties to file this consent on behalf of both defendants.

Nor are we impressed by the argument of the appellant that the court in giving charges 12 and 14 confused the minds of the jury, and left them under the impression thereby that the court did not attach very much importance to plaintiff's insistence that her injuries were of such character as to produce any considerable amount of pain and suffering, or that they were such as to require the services of a physician, or treatment in a hospital. The court, in its oral charge, had fully informed the jury of all the elements of recoverable damages, except the elements covered by said charges 12 and 14.

If the errors relating to the giving of charges 12 and 14, requested by the defendant, were the only errors made by the court, and here presented for review, we would feel constrained to affirm the judgment of the court below.

However, we are fully convinced that the damages awarded the plaintiff by the jury for her personal injuries, including mental and physical pain and suffering, and for loss of time, were, under the evidence, inadequate, and so much so as to impress the judicial mind that the verdict was wrong and unjust.

This court, in the case of Birmingham News Co. v. Lester, 222 Ala. 503, 504, 133 So. 270, held: "That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues." This pronouncement was reaffirmed in the case of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447.

In reaching our conclusion in this case, we are not unmindful of our declared rule not to reverse the lower court for refusing to disturb the verdict "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740.

The evidence has been read and fully considered by the court, and we are clearly convinced that plaintiff received, as a result of the accident a number of painful injuries; that these injuries necessitated the care and attention of doctors for a long while, months, confinement in a hospital for sixteen days, during all of which time she suffered much physical pain; that she lost considerable time from work; that the accident, and the injury caused thereby, has left a scar upon her forehead an inch or more long, one of her teeth was knocked out, and she suffered other permanent injuries, which, up to the time of the trial, three years after the accident, were causing her much pain and suffering. The testimony of Dr. Mason, who treated plaintiff while at the hospital, and who testified at the instance of the defendant, convinces us that the plaintiff sustained severe injuries. His bill for treating plaintiff from December 3d to December 29th was $125.

On the whole evidence, we are clear to the conclusion that the damages awarded plaintiff were inadequate, and so much so as to require that a new trial should be had. Baker v. Elebash, 220 Ala. 198, 124 So. 739.

It follows that for the error in overruling plaintiff's motion for new trial, based upon the inadequacy of damages awarded her, the judgment of the court below must be reversed, and the cause remanded for new trial.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.