226 So.2d 83

**STATE of Alabama**

v.

**W. P. CHAPMAN et al.**

**6 Div. 550.**

Supreme Court of Alabama.

Aug. 14, 1969.

A. Vincent Brown, Bessemer, for appellant.

Huey, Stone & Patton, Bessemer, for appellees.

SIMPSON, Justice.

This is an appeal from a judgment granting a a motion for new trial in a condemnation case.

The appellees in this case own 10 acres of land upon which their home is situated, which land is located approximately 5½ miles west of the city limits of Bessemer, and approximately 650 feet from the left side of U. S. Highway 11 as that road proceeds from Bessemer to Tuscaloosa. The property of appellees fronts some 661 feet east and west on a dirt road. This dirt road leads to a paved road running roughly north and south. About 1,200 feet west of the dirt road in front of appellee's property is a colored cemetery which abuts on U. S. Highway 11. To give the cemetery an access road, a right of way 70 feet wide is being acquired, which includes the property of appellees, a strip 35 feet by 200 feet. The access road to the cemetery, when completed, will be a double lane chert road, 26 feet wide, which intersects the dirt road near the driveway into the appellee's tract. It was contended by the owners below that if and when the access road to the cemetery is completed, the processions (which take place on Sundays and sometimes last from 10 A.M. until after dark) will back up beyond the driveway into their property and that they will be without ingress and egress thereto for several hours at a time.

The case was tried to a jury which returned a verdict in the amount of $1,200. The State's witnesses testified that the value of the land taken with damages to the remainder was $160; another witness testified that the value plus damages to the remainder was $200.

Witnesses for the owners testified that the value of the land before and after the taking would be as follows:

| Witness | Before | After |
| --- | --- | --- |
| Smith | $35,000 | $5,000 |
| Parsons | $40,000–$50,000 | $20,000 |
| Chapman | $35,000 | $17,500 |

These figures compared with those of the State placing the value at $160 and $200.

At the conclusion of the trial and upon motion, the trial court ordered a new trial on the ground that the award made by the jury was inadequate; thus we have for consideration only the question of whether the court erred in granting the motion for new trial.

As so often stated, "We are committed to the rule that decisions granting new trials will not be disturbed unless the evidence plainly and palpably supports the verdict." Pike County v. Whittington, 263 Ala. 47, 81 So.2d 288, and cases there cited.

We have read the evidence in this case and cannot conclude that it "plainly and palpably supports" the verdict of the jury. Thus we cannot reverse the judgment granting the new trial.

Although we need not, and probably should not, consider the merits here, we do note that under the authority of St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683, and cases there cited, "In determining the value of the property after the taking, the jury should consider any factor or circumstance which would depreciate the value in any way, and this includes any effect that the completed project for which the land is condemned may produce on the remaining tract. Certainly this is so if it affects the ingress and egress to the useful portions of the property from the highway".

That case went on to note that authorities in this state hold that "when the ways of ingress and egress to a public highway are obstructed or interrupted, such obstruction or interruption forms a part of the injury to the land".

We find no error to reverse.

Affirmed.

COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.