303 So.2d 106

**STATE of Alabama**

**v.**

**Annie Floyd SMITH et al.**

**Civ. 340.**

Court of Civil Appeals of Alabama.

Sept. 25, 1974.

Rehearing Denied Nov. 13, 1974.

Alton, Leavell & Morgan, Montgomery, for appellant.

William M. Russell, Jr., Tuskegee, for appellees.

BRADLEY, Judge.

The appeal is from a judgment of the Circuit Court of Macon County granting a motion for a new trial on the ground of inadequate or insufficient compensation in a highway condemnation case.

The appellees in this case were the owners of one hundred thirty-three acres of land situated at the intersection of U. S. Highway 80 and U. S. Highway 29, approximately nine miles east of the city of Tuskegee in Macon County, Alabama.

There are three parcels of property involved in the taking, consisting of a total of 1.68 acres. Prior to condemnation this 1.68 acres of land had a frontage on Highway 80 of one thousand one hundred fifty feet.

The major portion of the 1.68 acres is a triangular shaped strip adjoining the right-of-way of a one-way ramp on the south side of U. S. Highway 80 at the intersection of U. S. Highway 29. Prior to condemnation this portion of the condemned property had a frontage of seven hundred feet along the right-of-way line on the south side of Highway 80 when traveling in an easterly direction. After condemnation the remaining property adjoins an all-weather road constructed of base material and topsoil; however appellees must travel a distance of thirteen hundred feet on the access road to get on Highway 80, then another thirty-seven hundred feet in an easterly direction on Highway 80 before being able to travel in a westerly direction to Tuskegee.

There was also testimony that prior to condemnation the elevation of U. S. 80 and the adjoining property was on grade, whereas now the elevation of the highway is about five to ten feet lower than the remaining property.

One of the State's witnesses testified that the value of the land taken was $530.-00; another witness testified that the value of the property taken was $697.00. Both of these witnesses testified that there was no damage done to the remainder of the property.

Witnesses for the owners testified that the value of the land before and after the taking would be as follows:

| Witness | Before | After | Damage |
|---------|--------|-------|--------|
| Enslen | $57,350 | $48,850 | $ 8,500 |
| Jorgensen | 60,000 | 35,000 | 25,000 |
| Walters | 60,000 | 55,000 | 5,000 |
| McCharr | --- | --- | 15,000 |
| Smith · | 80,000 | 65,000 | 15,000 |

The jury returned a verdict in which it found that $1,400 should be awarded to the landowners as just compensation for the taking of the property in question. A judgment was entered in accordance with the verdict. Thereupon appellees filed a motion for a new trial with one of the grounds being inadequate or insufficient compensation.

The trial court then entered an order stating that it intended to grant a new trial unless the appellant within twenty days agreed to the entry of a judgment for appellees in the amount of $3,000. Subsequently the motion for a new trial was set for hearing on January 10, 1974 and on that day, after a hearing, the trial court found that a new trial was due to be granted for that the compensation awarded to appellees was insufficient, did not do justice to the parties, and was contrary to the law and the facts, and so ordered. This appeal is from that judgment.

■ The assignments of error present in essence two contentions, one of which asserts that the trial court erred in granting a new trial for that the compensation was not inadequate. We disagree with this contention and cite State v. Chapman, 284 Ala. 479, 226 So.2d 83, as being decisive of this issue.

In *Chapman*, a highway condemnation case, the verdict of the jury was $1,200 for the taking of a strip of land thirty-five feet by two hundred feet alongside a dirt road leading to a cemetery. The evidence was to the effect that on Sundays when funerals were being conducted there would be loss of access to the remaining property for several hours at the time due to cars blocking the driveway and other access to the remaining property.

The State's witnesses testified that the value of the land taken and the damage to the remainder would be $160 and $200 respectively.

Witnesses for the owners stated that the damages were $30,000, $20,000–$30,000, and $17,500 respectively.

The trial court found that the jury's award was inadequate and granted a new trial. The Supreme Court in reviewing this judgment stated that it did not believe that the evidence plainly and palpably supported the verdict; consequently, it could not reverse the judgment granting the new trial.

In view of the close similarity of the jury verdict and evidence in support thereof between the *Chapman* case and the case at bar, we conclude that the trial court properly awarded a new trial and no error resulted therefrom.

The other issue presented by appellant in brief, although without citation of authority, is the validity of the trial court's order proposing a new trial unless the appellant agrees to a judgment for appellees in the amount of $3,000.

■ The courts in Alabama are authorized to suggest to a plaintiff who has received an excessive verdict that he may want to remit a stated amount of that verdict so as to avoid a new trial. Ex parte Steverson, 177 Ala. 384, 58 So. 992.

■ The propriety of a permissive additur on the part of defendant is not so well settled. However, the Supreme Court is committed to the principle that a trial court can, with the permission of a defendant, add to a judgment where the damages are certain or subject to specific measurement so as to avoid a new trial. Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565. Furthermore, the Court of Appeals of Alabama in W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603, indicated that the principles of additur and

**608**

remittitur were to be treated alike where the application of either is based on the privilege of consent so long as the refusal to consent can result only in a new trial.

In the instant case the appellant did not agree to the increase in the judgment and the trial court granted a new trial for inadequate damages. As we have previously decided, the trial court did not commit error in granting a new trial for inadequate compensation. Consequently, we are unable to find that appellant has suffered injury by being extended the privilege of avoiding a new trial by consenting to an increase in the amount of the judgment when in fact it did not consent to the increase and the trial court ordered a new trial. Therefore, should it be said—which we do not—that error infected the trial court's order granting a conditional new trial, such error would not be injurious to the rights of appellant. Supreme Court Rule 45.

No reversible error having been argued, the judgment in this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.