YATES, Judge.
Bernice Pierce and her husband Joseph sued Anthony Hairston and Strickland Paper Company (“Strickland”), for damages based on injuries Mrs. Pierce sustained as a result of an automobile accident. The jury returned a verdict for the Pierces on their personal injury and loss of consortium claims, with each awarded $0 in damages.
Because of the inconsistent verdict, the trial court denied the Pierces’ motion for new trial, conditioning the denial on Strickland’s acceptance of an additur of $305 for medical *307 expenses and $5,000 for pain and suffering, a total of $5,305. Strickland accepted the addi-tur; the court therefore denied a new trial and the Pierces appealed.
Upon request, this court remanded the case for the judgment to be amended to allocate the additur. The trial court allocated $4,300 to Mrs. Pierce and $1,005 to her husband.
The dispositive issue on appeal is whether the denial of a new trial conditioned on Strickland’s accepting an additur was proper, in this case with an inconsistent verdict and controverted damages.
Generally, where the jury has found in favor of the plaintiff on the liability issue, the jury is not free to assess damages less than those proven by way of medical expenses or loss of earnings. Thompson v. Cooper, 551 So.2d. 1030 (Ala.1989). The current law regarding additur in Alabama provides that a jury’s award of less than the damages proven may be corrected by “granting plaintiffs motion for a new trial, or, if within the power of the court to do so, by increasing the judgment to an amount to include the expenses incurred by the plaintiff in doctors’ bills, medicine, and hospital service, as shown by the evidence.” Kraas v. American Bakeries Co., 231 Ala. 278, 281, 164 So. 565 (1935). Cases are distinguished where the damages may be “measured by a fixed standard,” and “where the damages are matter of opinion, speculation, ideal.” 231 Ala. at 281, 164 So. at 568. “[Wjhere the amount [of damages] to be added to, or subtracted from, the verdict is clearly and definitely established by the proof, the court would have the authority to make the addition or subtraction.” 231 Ala. at 283, 164 So. at 569. See also State v. Smith, 53 Ala.App. 605, 303 So.2d 106 (1974). Our supreme court has stated: “We do not wish, however, to be understood as committing this court to the proposition that a trial court may increase the damages in cases where the same are uncertain, and with no fixed standard of admeasurement.... No such case is here presented. Until such a case is presented, we will make no pronouncement.” Kraas, 231 Ala. at 283, 164 So. at 570.
“The application of the principle of a remittitur or ‘additur’ is based on the privilege of consent to the reduction or addition. In the absence of an agreement by the plaintiff in case of remittitur and the defendant in the case of additur, the court is not permitted to force the alteration of the amount found by the verdict of the jury, but in which event may grant a motion for new trial.”
W.T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 150, 22 So.2d 603 (1945). See also McCormick v. Alabama Power Co., 293 Ala. 481, 306 So.2d 233 (1975); Gray v. Commodity International Corp., 477 So.2d 451 (Ala.Civ.App.1985).
In Clements v. Lanley Heat Processing Equipment, 548 So.2d 1345 (Ala.1989), the jury, finding liability, awarded court costs only; the supreme court ordered a new trial because the inconsistent verdict. Chief Justice Hornsby, dissenting from the majority’s grant of an unconditional new trial, stated that he supports the principle of additur and that he would remand “for the trial court to consider the additur option” and that the trial judge should arrive at a figure after hearing the parties’ arguments regarding what a proper sum would be. Id. at 1349. In Thompson v. Cooper, 551 So.2d 1030, the supreme court ordered a new trial. Justice Houston stated in a special concurrence:
“This is a proper case for additur.... [I]t would be best to condition the grant of [the] new trial on Cooper’s refusal to accept an additur of damages in an amount that would bring the award within the minimum bounds of reason as determined by this Court or, alternatively, as determined by the trial court ... after a thorough review of the evidence.”
Id. at 1031.
While the trial court, in applying the addi-tur principle in this ease, followed Justice Houston’s recommendation in Thompson, we note that Justice Houston’s recommendation does not reflect current Alabama law.
The jury verdict as to the Pierces was inconsistent. The amount of the additur upon which the denial of the new trial was based included damages for pain and suffering, as well as for medical expenses. The *308 trial court erred when it increased the damages for pain and suffering, because it had no “fixed and exact standard” by which to measure those damages. Kraas, 231 Ala. at 281, 164 So. at 568. Based on the current law in Alabama, the trial court would have had the authority to increase damages that were subject to a fixed standard. Id. However, “in this instance, where the amount of damages [is] uncertain, their assessment must be for the trier of facts.” Lee Associates, Inc. v. Specialty Construction Co., 341 So.2d 150, 152 (Ala.Civ.App.1976).
The judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.